IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NBTY MANUFACTURING, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  3:22-CV-2923-N |
| § | |
| COMPASS ALPHA LLC, § | |
| § | |
| Defendant. § | |

# MEMORANDUM OPINION AND ORDER

This order addresses Plaintiff NBTY Manufacturing, LLC's ("NBTY") motion to enforce stipulation, or in the alternative, for partial summary judgment [47]. For the reasons stated below, the Court grants the motion for partial summary judgment.[1]

## I. Origins of the Motion

This case arises from a breach of contract dispute between NBTY and Defendant Compass Alpha, LLC d/b/a Gummi World ("Gummi World"). Gummi World breached its Supply Agreement with NBTY when it manufactured and sold to NBTY bottles of Sundown Apple Cider Vinegar Gummies that did not have intact inner seals at the time of sale. Complaint ¶¶ 6-9. The finished product packing specifications included an intact seal. Ex. 3 [48-4]; Ex. 5, p. 1 [49-6]. The parties' supply agreement included a provision stating that the products "strictly conform to the agreed upon specifications" and "are free

---

[1] Because the Court grants NBTY's partial summary judgment motion, it is unnecessary for the Court to consider NBTY's alternative motion to enforce stipulation.

from defect." Ex. 2, p. 2, ¶ 6(b)(i), (v) [49-3]. Because NBTY supplied gummies to various retail vendors and discovered through investigation that the product defect was not isolated to a single product or product lot, NBTY had to withdraw the product from sale and provide replacements for the defective goods to its retailers. Complaint ¶ 11. As a result of this product defect, NBTY suffered damages. Ex. 7, Pl.'s Supp. Answers, p. 6-8 [49-8].

## II. SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS SUMMARY JUDGMENT ON NBTY'S BREACH OF CONTRACT CLAIM

NBTY moves for partial summary judgment on its breach of contract claim. To prevail on a breach of contract claim, a party must prove "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (quoting *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 95-96 (Tex. App.—Eastland 2010, pet. denied)); *accord MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51, 61 (Tex. App.—San Antonio 2005, no pet.); *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Because the Court determines no dispute of material fact exists as to these elements, the Court grants the motion for partial summary judgment.

Gummi World argues that there are issues of fact regarding element (2), NBTY's performance, and element (4), resulting damages. Gummi World argues that "NBTY failed to tender performance in that it failed to pay Gummi World on $1,463,760.72 worth of invoices for the product that it provided." Def.'s Resp. 4 [52]. This is the crux of one of Gummi World's counterclaims. *See* Def.'s First Am. Answer and Counterclaim ¶¶ 41-46. Nevertheless, NBTY accurately replied that Gummi World "has not and cannot demonstrate that NBTY's payment obligations justified its breach" because "the Supply Agreement provides that [Gummi World] must provide gummies free from defect before being paid." Pl.'s Reply 10 [62]; Ex. 2, p. 2, ¶ 2. Gummi World admitted in its own response to NBTY's motion that "about 25% of the bottle were found to have the seal defect." Def.'s Resp. 5. Because Gummi World did not provide the product free of defect, NBTY had no obligation to pay in accordance with the Supply Agreement. Accordingly, the Court finds there is no genuine dispute of material fact as to whether NBTY tendered performance.

Regarding the damages element, Gummi World cites *Chesapeake Operating, Inc. v. Glencrest Res., LLC*, 2011 WL 5118465 (N.D. Tex. Oct. 26, 2011) for the proposition that the court should deny summary judgment on a breach of contract claim "where there was a dispute about the accuracy of damages." Def.'s Resp. 6 [52]. But the issue of the instant case is distinguishable from *Chesapeake Operating* because the defendant in that case did not dispute that it breached the contract, the parties only disputed the amount of damages owed to the plaintiff. *Id.* at *2. In the instant case, NBTY does not seek summary judgment for the amount of damages it is owed. Instead, NBTY explicitly seeks only

MEMORANDUM OPINION AND ORDER – PAGE 4

partial summary judgment stating that Gummi World "is liable to [NBTY] for breach of contract" and that "the parties should proceed to trial on the amount of [NBTY]'s damages." Pl.'s Mot. Summ. J. 9. Notably, Gummi World's response disputes the amount of damages, but Gummi World does not argue that no damages exist. Def.'s Resp. 5. Gummi World even admits in its response that some of the product lacked seals. *Id.* By this admission, Gummi World concedes that at least some damages exist for NBTY's breach of contract claim, which at this juncture is all the Court needs to rule on liability. Accordingly, the Court holds that no genuine dispute of material fact exists for NBTY's breach of contract claim and grants NBTY's motion for partial summary judgment of liability only on this claim.

## CONCLUSION

For the reasons set forth above, the Court grants NBTY's motion for partial summary judgment of liability on its breach of contract claims. The issue of the amount of NBTY's damages and Gummi World's counterclaims remain pending.

Signed May 29, 2024.

> David C. Godbey
> Chief United States District Judge