IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NBTY MANUFACTURING, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  3:22-CV-2923-N |
| § | |
| COMPASS ALPHA LLC, § | |
| § | |
| Defendants. § | |

# MEMORANDUM OPINION AND ORDER

This order addresses Defendant Compass Alpha LLC d/b/a/ Gummi World's ("Gummi World") motion for leave to amend pleadings [93]. Because Gummi World cannot show good cause, the Court denies the motion.

## I. ORIGINS OF THE DISPUTE

Plaintiff NBTY Manufacturing, LLC ("NBTY") filed a partial motion for summary judgment on liability on March 26, 2024 [47]. Briefing completed for that motion on April 29, 2024. On May 6, 2024, the parties participated in a court ordered settlement conference, but did not settle. *See* Settlement Conference Report [65]. Four days later, Gummi World's attorney filed a motion to withdraw, because, for a second time, Gummi World terminated its representation and sought new counsel. Def'.s Motion to Withdraw and Substitute of Counsel [66]. On the same day, Gummi World sought a second continuance to allow its new counsel to get up to speed. Def's Second Mot. to Cont. [67]. The Court granted both motions and reset trial for August 19, 2024. Order Granting Withdrawal [76]; Order Granting Second Continuance [91]. Prior to granting the

MEMORANDUM OPINION AND ORDER – PAGE 1

continuance, the parties submitted pre-trial materials in accordance with the Amended Scheduling Order [41]. For NBTY, this was the second time it submitted pretrial materials in in accordance with scheduling order deadlines. *See generally* EFC No. 31–37. On June 8, 2024, ten weeks before the newly scheduled trial date, Gummi World filed the instant motion to amend.

## II. RULE 16(B)(4) LEGAL STANDARD

"Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2)." *Orthoflex, Inc. v. Thermotek, Inc.*, 2011 WL 4398279, at *1 (N.D. Tex. 2011). A party may amend its pleadings after the expiration of a scheduling order deadline "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Courts consider four factors in determining whether good cause exists: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 536 (alterations in original) (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

## III. GUMMI WORLD FAILED TO SHOW GOOD CAUSE

The Court finds that good cause does not exist under the Rule 16(b)(4) factors. Gummi World argues that the amendments are important because "[t]he additional claims are foundational and address core breaches of the parties' agreement by Plaintiff." Def.'s Reply 3. Regardless, the facts that give rise to Gummi World's proposed counterclaims

MEMORANDUM OPINION AND ORDER – PAGE 2

have been known since the inception of this litigation. Gummi World does not provide any new facts to justify its lateness in seeking this motion. Furthermore, Gummi World's explanation for delay is that undersigned counsel has been counsel of record for less than 30 days and upon filing the instant motion and its new counsel spent the majority of those days preparing pre-trial materials and getting up to speed on the case. *See* Def.'s Mot. 1.

Substitution of counsel is not an adequate excuse for Gummi World's untimely motion for leave to amend. *See Lechin v. United Airlines, Inc.*, 2017 WL 3432729, at *2 (S.D. Tex. 2017), aff'd, 714 F. App'x 465 (5th Cir. 2018); *Choice Hotels Intern., Inc. v. Goldmark Hosp., LLC*, 2014 WL 80722, at *3 (N.D. Tex. 2014). (stating "absent special circumstances not present here, [defendant] cannot rely on a change of its own counsel to delay this litigation"); *D&M Specialties, Inc. v. Apache Creek Properties*, *L.C.*, 2014 WL 12493289, at *2 (W.D. Tex. 2014) (noting "substitution of counsel is not the type of satisfactory explanation for which relief may be granted under Rule 16," particularly where defendant "neglected to hire new counsel until after the deadline for pre-trial pleadings and discovery had expired and after the [parties] moved for summary judgment" (citation and quotations omitted)).

Furthermore, Plaintiff NBTY would be prejudiced by granting this motion. First, NBTY is prejudiced by Gummi World seeking to amend after NBTY sought summary judgment. *See Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 815 (N.D. Tex. 2009) (Fitzwater, J.) (collecting cases) ("This court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a motion for summary judgment."). Similarly, NBTY is prejudiced by Gummi World's seeking to amend after

MEMORANDUM OPINION AND ORDER – PAGE 3

NBTY filed pre-trial materials. *See id.* ("[T]he prejudice in the present case would be exacerbated because the parties have already filed their pretrial materials and are in the final preparations for trial."). Under these circumstances, a continuance would only exacerbate NBTY's prejudice as it is in its final stages preparing for its third trial setting. The Court concludes that after considering the Rule 16(b)(4) factor, Gummi World failed to demonstrate good cause justifying leave to file an amended pleading.

## Conclusion

For the foregoing reasons the Court denies Gummi World's motion for leave to amend pleadings.

Signed August 12, 2024.

David C. Godbey
Chief United States District Judge